Jeffrey W. Shields, Bar No. 109920
Rick A. Varner, Bar No. 160403
John H. Kay, Bar No. 268776
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, California 92614
(949) 724-7900; Fax (949) 724-7905
E-mail: jeff@shieldslawoffices.com

Attorneys For Defendants
Trust One Mortgage Corporation
And Brady D. Bunte

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION - SANTA ANA

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, a national banking association, successor by merger to National City Bank,<br><br>Plaintiff,<br><br>vs.<br><br>TRUST ONE MORTGAGE CORPORATION, a California corporation; and BRADY D. BUNTE, an individual,<br><br>Defendants. | Case No. SACV11-00737 JST(RNBx)<br><br>ANSWER OF DEFENDANTS TO COMPLAINT<br><br><br><br><br><u>JURY TRIAL DEMANDED</u> |

Defendants TRUST ONE MORTGAGE CORPORATION ("Trust One") and BRADY D. BUNTE ("Bunte") [hereinafter, Trust One and Bunte sometimes collectively referred to as "Defendants"], for themselves alone, hereby answer the "Complaint For: (1) Breach Of Written Contract; etc." (the "Complaint") filed herein by plaintiff PNC BANK, NATIONAL ASSOCIATION, a national banking association, successor by merger to National City Bank ("Plaintiff"), as follows:

21074

1.   Answering the allegations contained in paragraph 1 of the Complaint, Defendants do not presently have information and belief sufficient to enable them to answer the allegations contained in such paragraph, and, on such ground, deny same.

2.   Answering the allegations contained in paragraph 2 of the Complaint, Defendants admit same.

3.   Answering the allegations contained in paragraph 3 of the Complaint, Defendants do not presently have information and belief sufficient to enable them to answer the allegations contained in such paragraph, and, on such ground, deny same.

4.   Answering the allegations contained in paragraphs 4 and 5 of the Complaint, Defendants admit same.

5.   Answering the allegations contained in paragraph 6 of the Complaint, Defendants admit and allege that Trust One entered into the subject agreement and that the subject agreement speaks for itself.

6.   Answering the allegations contained in paragraph 7 of the Complaint, Defendants admit and allege that Trust One entered into the subject note and that the subject note speaks for itself.

7.   Answering the allegations contained in paragraph 8 of the Complaint, Defendants admit and allege that the subject agreement speaks for itself, and that Defendants believe that no collateral related to the subject agreement currently exists. Except as expressly admitted herein, Defendants do not presently have information and belief sufficient to enable them to answer the remaining allegations set forth in such paragraph, and, on such ground, deny same.

8. Answering the allegations contained in paragraphs 9 and 10 of the Complaint, Defendants admit and allege that the subject modifications speak for themselves.

9. Answering the allegations contained in paragraph 11 of the Complaint, Defendants admit and allege that the subject agreement speaks for itself.

10. Answering the allegations contained in paragraph 12 of the Complaint, Defendants do not presently have information and belief sufficient to enable them to answer the allegations contained in such paragraph, and, on such ground, deny same.

11. Answering the allegations contained in paragraphs 13 and 14 of the Complaint, Defendants admit and allege that Bunte entered into the subject guaranties and that the subject guaranties speak for themselves. Except as expressly admitted herein, Defendants deny each of the remaining allegations contained in such paragraph.

12. Answering the allegations contained in paragraphs 15 through 17, inclusive, of the Complaint, Defendants admit and allege that the subject guaranties speak for themselves.

13. Answering the allegations contained in paragraph 18 of the Complaint, Defendants do not presently have information and belief sufficient to enable them to answer the allegations contained in such paragraph, and, on such ground, deny same.

14. Answering the allegations contained in paragraphs 19 through 21, inclusive, of the Complaint, Defendants admit and allege that the subject agreement speaks for itself.

15. Answering the allegations contained in paragraph 22 of the Complaint, Defendants admit and allege that the subject

modification speaks for itself and that Defendants are not aware of any further extensions of the maturity date.

16. Answering the allegations contained in paragraphs 23 and 24 of the Complaint, Defendants admit and allege that the subject agreement speaks for itself.

17. Answering the allegations contained in paragraph 25 of the Complaint, Defendants admit and allege that Trust One did not pay the full amount contended by Plaintiff on or before July 31, 2010, nor thereafter, and that the subject agreement speaks for itself. Except as expressly admitted herein, Defendants do not presently have information and belief sufficient to enable them to answer the remaining allegations set forth in such paragraph, and, on such ground, deny same.

18. Answering the allegations contained in paragraph 26 of the Complaint, Defendants do not presently have information and belief sufficient to enable them to answer the allegations contained in such paragraph regarding calculation of the amounts contended by Plaintiff, and, on such ground, deny same. Except as expressly stated herein, Defendants deny each of the remaining allegations contained in such paragraph.

19. Answering the allegations contained in paragraph 27 of the Complaint, Defendants admit and allege that they have not paid to Plaintiff the full amount contended by Plaintiff. Except as expressly stated herein, Defendants deny each of the remaining allegations contained in such paragraph.

FIRST CLAIM FOR RELIEF

20. Answering the allegations contained in paragraph 28 of the Complaint, Defendants incorporate by reference, as though

set forth in full hereat, paragraphs 1 through 19, inclusive, as set forth above.

21. Answering the allegations contained in paragraph 29 of the Complaint, Defendants admit and allege that Trust One entered into the subject documents and that the subject documents speak for themselves.

22. Answering the allegations contained in paragraph 30 of the Complaint, Defendants do not presently have information and belief sufficient to enable them to answer the allegations contained in such paragraph, and, on such ground, deny same.

23. Answering the allegations contained in paragraphs 31 and 32 of the Complaint, Defendants admit and allege that they have not paid to Plaintiff the full amount contended by Plaintiff. Except as expressly stated herein, Defendants deny each of the remaining allegations contained in such paragraphs.

24. Answering the allegations contained in paragraph 33 of the Complaint, Defendants do not presently have information and belief sufficient to enable them to answer the allegations contained in such paragraph, and, on such ground, deny same.

SECOND CLAIM FOR RELIEF

25. Answering the allegations contained in paragraph 34 of the Complaint, Defendants incorporate by reference, as though set forth in full hereat, paragraphs 1 through 24, inclusive, as set forth above.

26. Answering the allegations contained in paragraph 35 of the Complaint, Defendants admit same.

27. Answering the allegations contained in paragraph 36 of the Complaint, Defendants do not presently have information and

belief sufficient to enable them to answer the allegations contained in such paragraph, and, on such ground, deny same.

28. Answering the allegations contained in paragraphs 37 and 38 of the Complaint, Defendants deny same.

29. Answering the allegations contained in paragraph 39 of the Complaint, Defendants do not presently have information and belief sufficient to enable them to answer the allegations contained in such paragraph, and, on such ground, deny same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

30. For a first, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that the Complaint, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute any claim on which relief can be granted as against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

31. For a second, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that Plaintiff is barred from pursuing any action against Defendants because of the doctrine of unclean hands, in that, among other things, Plaintiff and/or its predecessor in interest deceived Defendants and induced them to enter into certain of the subject documents by misrepresentations and failures to disclose material information concerning the continuation and practices of their warehouse lending operations.

### THIRD AFFIRMATIVE DEFENSE

(Set Off)

32. For a third, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that, to the extent that Plaintiff is adjudged to be entitled to any recovery from Defendants, which Defendants deny, Defendants are entitled to a set off against such recovery in an amount equal to the damages suffered by Defendants as a result of the wrongful conduct of Plaintiff and/or its predecessor in interest.

### FOURTH AFFIRMATIVE DEFENSE

(Breach of Implied Covenant of Good Faith and Fair Dealing)

33. For a fourth, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that Plaintiff is estopped and barred from pursuing any claim against Defendants because Plaintiff and/or its predecessor in interest willfully, wrongfully and in bad faith breached the implied covenant of good faith and fair dealing inherent in each of the subject agreements and subject guaranties.

### FIFTH AFFIRMATIVE DEFENSE

(Unreasonability - Civil Code § 3391)

34. For a fifth, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that the subject guaranties are specifically unenforceable as between Plaintiff and Brady because, *inter alia*, Brady received no adequate consideration, the guaranties are not just and reasonable as to Brady, and/or their assent was obtained by unfair practices or by mistake, misapprehension or surprise,

within the meaning of Civil Code section 3391.

### SIXTH AFFIRMATIVE DEFENSE

(Failure of Condition Precedent)

35. For a sixth, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that, to the extent Plaintiff is adjudged to have suffered any damages, which damages Defendants deny, Defendants cannot be held responsible for such damages inasmuch as there has been a failure of condition precedent in that Plaintiff and/or its predecessor in interest were not truthful and open with Defendants, but, instead, deceived Defendants and induced them to enter into certain of the subject documents by misrepresentations and failures to disclose material information concerning the continuation and practices of their warehouse lending operations.

### SEVENTH AFFIRMATIVE DEFENSE

(Negligence)

36. For a seventh, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that, to the extent Plaintiff is adjudged to have suffered any damages, which damages Defendants deny, Plaintiff is barred from pursuing any recovery against Defendants because such purported damages were caused solely by, and are entirely attributable to, the actively negligent conduct of Plaintiff and/or its predecessor in interest.

### EIGHTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

37. For an eighth, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein,

Defendants allege that, to the extent Plaintiff is alleged to have suffered any damages, which damages Defendants deny, Plaintiff is barred from pursuing any claim for recovery against Defendants because such damages were proximately caused and contributed to by the negligence of Plaintiff and/or its predecessor in interest, or that, alternatively, any judgment for damages which may be assessed against Defendants should be proportionately reduced to the extent that the negligence and fault of Plaintiff and/or its predecessor in interest caused or contributed to such damages.

### NINTH AFFIRMATIVE DEFENSE
(Third Party Intervening Negligence)

38. For a ninth, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that, to the extent Plaintiff is adjudged to have suffered any damages, which damages Defendants deny, Plaintiff is barred from pursuing any claim for recovery against Defendants because such purported damages were proximately caused and contributed to by third parties, or that, alternatively, any judgment for damages which may be assessed against Defendants should be proportionately reduced to the extent that the negligence and fault of such third parties caused or contributed to such damages.

### TENTH AFFIRMATIVE DEFENSE
(Unconscionability)

39. As a tenth, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that Plaintiff is barred from pursuing any action against Brady because the purported waivers of rights contained in

the subject guaranties were unconscionable.

## ELEVENTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

40. As an eleventh, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that Plaintiff is barred from pursuing any action against Defendants because of the doctrines of waiver and estoppel inasmuch as Plaintiff and/or its predecessor in interest knowingly deceived Defendants and induced them to enter into certain of the subject documents by misrepresentations and failures to disclose material information concerning the continuation and practices of their warehouse lending operations.

## TWELFTH AFFIRMATIVE DEFENSE

(Damages Uncertain)

41. For a twelfth, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that, to the extent that Plaintiff is adjudged to have suffered any damages, which damages Defendants deny, any such damages are so speculative and uncertain as to deny Plaintiff any recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

42. For a thirteenth, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that, to the extent that Plaintiff claims to be entitled to any relief against Defendants, which Defendants deny, no relief should be awarded to Plaintiff because any such relief would constitute unjust enrichment to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

43. For a fourteenth, separate affirmative defense to the Complaint, and to each purported claim for relief alleged therein, Defendants allege that, to the extent that Plaintiff is adjudged to have suffered any damages, which damages Defendants deny, Plaintiff's damages are attributable, in whole or in part, to its own conduct and failure to take sufficient actions to mitigate such purported damages.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by the Complaint, and that the same be dismissed in its entirety with prejudice;

2. For Defendants' reasonable attorneys' fees incurred herein;

3. For Defendants' costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

DATED: September 29, 2011      SHIELDS LAW OFFICES

By: _____/s/_____
Jeffrey W. Shields
Attorneys for Defendants
Trust One Mortgage Corporation and
Brady D. Bunte

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury in the above action.

DATED: September 29, 2011     SHIELDS LAW OFFICES

By: _____/s/_____
   Jeffrey W. Shields
   Attorneys for Defendants
   Trust One Mortgage Corporation and
   Brady D. Bunte