UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONORABLE ROBERT N. BLOCK, U.S. MAGISTRATE JUDGE

TENTATIVE RULING ON LAW & MOTION MATTER

DATE: **December 6, 2011**

CASE: **PNC Bank, N.A. v. Trust One Mortgage Corporation, et al. SACV 11-0737-JST (RNBx)**

MOTION
PENDING: **Plaintiff's Application for Right to Attach Order and Order for Issuance of Writ of Attachment**

---

Bunte's evidentiary objections to the Clements Declaration

Bunte's evidentiary objections to the Clements Declaration (see Opposition Memorandum at 18-19) are overruled for the reasons stated in plaintiff's Reply Memorandum. As to the successorship issue, the Court notes that the Sixth Modification to First Amended and Restated Warehousing Credit and Security Agreement was entered into between Trust One Mortgage, Bunte, and PNC Bank in its successor capacity. As to the issue of Bunte's continuing guarantor obligations, the Court notes that Bunte executed the Sixth Modification not only in his capacity as President of Trust One Mortgage, but also in his guarantor capacity. As to the issue of the amount of the outstanding principal and interest, the Court concurs with plaintiff that Mr. Clements is competent to attest to that figure. As to the issue of the amount of attorneys' fees and costs sought by plaintiff, the Court notes that Bunte's objection that the amount includes fees that plaintiff "has neither incurred nor earned" is not well taken. Under Cal. Civ. Proc. Code § 482.110(a), plaintiff is permitted to include in its application an estimate of the costs and allowable attorney's fees and the contractual documents between the parties entitle plaintiff to recover its out-of-pocket fees and costs of enforcement, as well as its reasonable attorneys' fees and costs incurred in this action. Finally, given that the amount of attorneys' fees and costs is only supposed to be an estimate and given the "defenses" that have been asserted by Trust One Mortgage and Bunte, the Court finds that it was not unreasonable for plaintiff to base its initial estimate on the amount yielded by the schedule contained in Local Rule 55-3 and to reserve the right to seek additional costs and/or expenses (if and) when it obtains judgment herein.

TENTATIVE RULING
**PNC Bank, N.A. v. Trust One Mortgage Corporation, et al.**
**December 6, 2011**
Page: 2

### Bunte's request to conduct discovery

The Court has duly considered Bunte's request that the Court allow him to "conduct discovery before any right to attach order may be issued." All of the discovery that Bunte seeks to conduct appears to go to Bunte's "defense" that he and Trust One Mortgage were fraudulently induced to execute the loan documents and guaranties by plaintiff's oral assurances that it would continue indefinitely to provide Trust One Mortgage with warehouse credit facilities. For the reasons stated by plaintiff in its Reply Memorandum, the Court concurs with plaintiff that this defense and Bunte's related breach of implied covenant and unclean hands defenses are not legally viable. The Court further notes in this regard that all of the alleged false assurances set forth in the Bunte declaration predated the execution of the Sixth Modification, which contained a clause that released plaintiff from any existing lender liability claims. The Sixth Modification also included an integration clause pursuant to which (a) no change or modification of the terms was enforceable unless in writing, and (b) the parties certified that there had been "no promises, oral or written, made to any of them" that were not contained in the Sixth Modification or in other existing written agreements. Moreover, based on the admission of liability and other admissions contained in Mr. Steward's August 3, 2010 letter, the Court questions whether these legal defenses have even been asserted in compliance with Fed. R. Civ. P. 11(b).

Bunte's request to conduct discovery is therefore denied.

### The merits

Plaintiff's entitlement to an attachment is governed by Federal Rule 64(a), which provides that "[a]t the commencement of and throughout an action, every remedy is available that, *under the law of the state where the court is located,* provides for seizing a person or property to secure satisfaction of the potential judgment."

Under Cal. Civ. Proc. Code § 484.090, the Court may only issue a right to attach order if it finds that (1) the he claim upon which the attachment is based is one upon which an attachment may be issued; (2) the plaintiff has established the probable validity of the claim upon which the attachment is based; (3) the attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based; and (4) the amount to be secured by the attachment is greater than zero.

Here, Bunte does not dispute that the first, third, and fourth prerequisites to the issuance of a right to attach order are met, and the Court is prepared to so find.

Bunte does dispute that the second prerequisite is met here. However, as stated above, the Court concurs with plaintiff that Bunte's fraudulent inducement defense and related breach of implied covenant and unclean hands defenses are not legally

TENTATIVE RULING
**PNC Bank, N.A. v. Trust One Mortgage Corporation, et al.**
**December 6, 2011**
Page: 3

viable, and the Court even questions whether those legal defenses have even been asserted in compliance with Fed. R. Civ. P. 11(b). Put another way, plaintiff has convinced the Court that these legal defenses are "less than fifty percent likely to succeed." Accordingly, the Court also is prepared to find that plaintiff has established the probable validity of its claim against Bunte.

<u>The Court's ruling</u>

The Court therefore is prepared to grant plaintiff's Application and issue the right to attach order and order for issuance of writ of attachment in the requested amount of $12,491,951.67.

As to the property described in plaintiff's Application, Bunte is correct that the two Mexican properties are not subject to attachment. Since the writ of attachment is being issued pursuant to California attachment law, only property located within California is subject to levy. <u>See</u> <u>Paul H. Aschkar & Co. v. Curtis</u>, 327 F.2d 306, 310 (9th Cir. 1963); <u>see also</u> Ahart, <u>Cal. Prac. Guide: Enforcing Judgments and Debts</u> ¶¶ 4:75 (2002 rev. ed) ["Ahart"].

Moreover, although Bunte did not make a proper claim of exemption in accordance with Cal. Civ. Proc. Code § 484.350 with respect to any of the other property described in plaintiff's Application, the Court questions the legal basis for plaintiff attaching any property that does not fall within the forms of property listed in Cal. Civ. Proc. Code § 487.010(c). It appears to the Court that plaintiff is conflating the issue of property not exempt from execution on a monetary judgment with the issue of property subject to pre-judgment attachment when the defendant is a natural person. Only the forms of property listed in Cal. Civ. Proc. Code § 487.010(c) are subject to pre-judgment attachment when the defendant is a natural person. <u>See</u> Ahart at ¶¶ 4:79, et seq. Accordingly, it is going to be necessary for plaintiff to submit a revised proposed right to attach order and order for issuance of writ of attachment form, which includes a revised Exhibit A that comports with Cal. Civ. Proc. Code § 487.010(c).

To the extent that Bunte does not have a beneficial interest in any of the property listed in Revised Exhibit A that is properly subject to attachment, there will be nothing for plaintiff to attach. The Court notes, however, that property held in trust is subject to attachment. <u>See</u> Ahart at ¶ 4:97.

Finally, pursuant to Cal. Civ. Proc. Code §§ 489.210 and 489.220, plaintiff will need to file an undertaking in the amount of $10,000 before the writ of attachment may issue. The setting of the amount of the undertaking is without prejudice to Bunte interposing a timely objection, in accordance with Cal. Civ. Proc. Code § 995.930.